IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 1:18-cr-00060 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM AND MOTION FOR** |
| ERWIN PLENTY CHIEF, | ) | **VARIANCE** |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

On April 4, 2018, an indictment was filed in the Federal District Court, charge the Defendant, Erwin Plenty Chief [hereinafter "Plenty Chief"], with Count One, Domestic Assault by a Habitual Offender, in violation of 18 U.S.C. § 117(a)(1), Count Two, Assault Resulting in Substantial Bodily Injury to Intimate Partner, in violation of 18 U.S.C. §§ 113(a)(7) & 1153, and Count Three, Assault of Intimate Partner by Strangulation and Suffocation, in violation of 18 U.S.C. §§ 113(a)(8) & 1153. DCD 1 & 2. On May 10, 2018, Plenty Chief was arrested at the Standing Rock Sioux Tribal Jail and transported to United States District Court, where he made his initial appearance the following day. Plenty Chief has been in federal custody since his arrest on May 10, 2018. Pursuant to a plea agreement, Plenty Chief pled guilty to Counts Two and Three of the Indictment. The Plea Agreement and Plea Agreement Supplement were filed with the Court on January 3, 2019. DCD 30 & 31. A Change of Plea Hearing was held on January 18, 2019. The Presentence Investigation Report (PSIR) determined the advisory sentencing guideline range as 46 to 57 months, based upon a total offense level of 23 and a Criminal History Category of I. DCD 36, ¶ 99. Plenty Chief objected to the inclusion of a five point enhancement under USSG

§ 2A2.2(b)(2)(A) recommended in Paragraph 13 of the PSIR, alleging that he discharged a firearm.[1]  He appears for sentencing on April 4, 2019.

Plenty Chief asks that the Court not apply the five point enhancement under USSG § 2A2.2(b)(2)(A), and instead apply the three point enhancement contemplated by the Plea Agreement under USSG § 2A2.2(b)(2)(C).  This results in a total offense level of 21 at Criminal History Category I, and a sentencing guideline range of 37 to 46 months.  Plenty Chief also requests that the Court impose a downward variance under 18 U.S.C. § 3553(a) based on the nature and circumstances of the offense and Plenty Chief's history and characteristics.  He requests a sentence of 31 months imprisonment, a term of supervised released to follow, that he be ordered to pay the $100 special assessment fee, and any restitution.

**MEMORANDUM**

**A.    The Five-Level Enhancement for Discharge of a Firearm Does Not Apply.**

Paragraph 13 of the PSIR recommends a five-level enhancement alleging that Plenty Chief discharged a firearm.   The United States Sentencing Guidelines provide for a five-level enhancement if "a firearm was discharged".  USSG § 2A2.2(b)(2)(A).  The PSIR specifically states:

> The victim of the offense was assaulted in the defendant's bedroom. While she was lying injured in the bed, Mr. Plenty Chief removed an AR-15 rifle from his closet and fired multiple rounds through the bedroom wall. One of the discharged bullets exited through the wall of the defendant's residence, entered the kitchen window of a neighboring residence, and was embedded into their dining room wall.

---

[1] It should be noted that the parties contemplated a three point enhancement in the Plea Agreement under USSG 2A2.2(b)(2)(C), where "a dangerous weapon (including a firearm) was brandished or its use was threatened."  DCD 30, ¶ 14.

DCD 36, ¶ 13.  As listed in the Addendum to the PSIR, the defendant objected to this enhancement, as well as to any and all alleged facts in the PSIR that would support this enhancement.  *Id.* at 27-29.  This five-level enhancement was not contemplated by the parties as part of the plea agreement and the Government has informed defense counsel that they do not intend to request or offer any evidence to support this enhancement.  Because no evidence will be presented by the government to support this enhancement, the five-level enhancement should not be applied.  However, the parties have agreed upon the three-level enhancement under USSG § 2A2.2(b)(2)(C).  Without the five-level enhancement (but still applying the three-level enhancement from the plea agreement), the sentencing guidelines range applicable here becomes 37 to 46 months imprisonment, based on a total offense level of 21 at a Criminal History Category of I.

**B.**    **An Upward Departure Based on Inadequacy of Criminal History is Not Warranted.**

While the Government is not seeking an upward departure based on inadequacy of criminal history, it was identified as a possible ground for an upward departure in the PSIR.  *See* DCD 36 at ¶ 116.  Plenty Chief's criminal history category provides a guideline range that is sufficient and not greater than necessary to implement the purposes of 18 U.S.C. § 3553(a) and an upward departure for inadequacy of criminal history under § 4A1.3 is not warranted.  First, the PSIR states, "[t]he defendant has numerous convictions in Standing Rock Tribal Court that would have been otherwise countable, including violent conduct, for which he was afforded due process."  *Id.* at ¶ 116.  "Sentences resulting from tribal court convictions are not counted, but may be considered under §4A1.3".  USSG § 4A1.2(i).  In determining whether an upward departure based on tribal court convictions is warranted, the Court may consider if the tribal court convictions would otherwise be counted under USSG § 4A1.2.  *Id.* at § 4A1.3, comment. (n. 2(C)(vi)).  Even if the

3

convictions were not tribal, Plenty Chief has eight convictions from 2004 to 2007, and one conviction from 2016 that would not count for criminal history points anyway based on their age and/or type of offense.  *See* DCD 36 at ¶¶ 35-42, 55; *see* USSG §§ 4A1.2(c) & (e).

Additionally, in determining whether an upward departure based on tribal court convictions is warranted, the Court may consider whether the defendant was represented by a lawyer, had the right to a trial by jury, and received other due process protections afforded to criminal defendants under the United States Constitution and the Indian Civil Rights Act of 1968.  USSG § 4A1.3, comment. (n. 2(C)(i)-(ii)).  Unfortunately, Native American Tribal Courts generally are not nearly as well organized or well managed as the federal courts or even most state courts.  The PSIR specifically notes that an upward departure was:

> suggested because the defendant was afforded due process in several Standing Rock Tribal Court convictions, many of which would have otherwise been countable.  Specifically, in the tribal offenses noted in Paragraphs 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, and 57, there is signed documentation indicating the defendant was assigned counsel/advocate and/or signed a binding plea agreement.

DCD 36 at 30.  While it does appear that Plenty Chief had an attorney in some of those tribal cases, Plenty Chief was only represented by a lay advocate, not an attorney, in Case No. 12-35890 (Domestic Abuse), Case No. 12-37379 et al. (Criminal Mischief, etc.), and Case No. 18-71426 et al. (underlying tribal court case).  *See id.* at ¶¶ 52-53, 57; Exhibit 1.  The documentation provided by the PSIR writer does not show that Plenty Chief had an attorney or even a lay advocate for Case No. 14-43379 (Driving Under the Influence) or Case No. 16-49131 (Disorderly Conduct).  *See id.* at ¶¶ 54-55; Exhibit 1.  From review of the PSIR and discovery, it appears the last time Plenty Chief had an attorney represent him in tribal court was in 2010.  *See id.* at ¶ 51.  The fact that Plenty Chief has not had adequate representation in some of his tribal court convictions casts

4

additional doubt onto whether he received the due process protections required by the Constitution and the Indian Civil Rights Act.  Tribal convictions often tend to occur for convenience rather than factual guilt.

Finally, the Plea Agreement contemplates a sentencing guidelines range of 37 to 46 months.  Although the Plea Agreement is not binding on the Court in this case, it is a strong indication of what both parties feel the appropriate sentence is in this case, and Plenty Chief's criminal history category should reflect as such.  In sum, an upward departure is not warranted based on inadequacy of criminal history in this case.

**C.    A Variance Under 18 U.S.S.G. § 3553(a) is Warranted.**

Plenty Chief requests a sentence of 31 months imprisonment.  A sentence of 31 months is sufficient but not greater than necessary.  18 U.S.C. § 3553(a).

**1. Procedural History / Nature and Circumstances of Offense.**

Plenty Chief was arrested for this offense on March 4, 2018.  After the arrest, Plenty Chief was charged with a number of offenses at the tribal level.  DCD 36, ¶ 57.  He remained in custody at the Standing Rock Sioux Tribal Jail for over two months until his federal arrest on May 10, 2018.  Plenty Chief has been in federal custody since that time.

**2. The History and Characteristics of Plenty Chief.**

Plenty Chief's history and characteristics warrant a variance from the guidelines.  Plenty Chief has five children, three of which are still minors (ages 15, 13, and 12).  DCD 36, ¶ 61.  He has been the primary caretaker of his children since his divorce from their mother, Colinda Red Stone, in approximately 2005.  Plenty Chief's minor children are currently being cared for by his parents / older children.  The minor children have not been in Plenty Chief's care since the date of

the underlying offense, March 3, 2018.  A slight downward variance would give Plenty Chief the opportunity to return to caring for his minor children. Given the absence of the children's mother in their lives, Plenty Chief's minor children desperately need at least one parent in their lives as soon as possible.

Although Plenty Chief is only 39 years old, he has struggled with both physical and mental health problems throughout his life (seizures, suicidal attempts, and a gastrointestinal hemorrhage in June 2018).  *Id.* at ¶¶ 86-87.  Most prominent are Plenty Chief's ongoing back problems (and associated issues) stemming from multiple past car accidents, the most recent one in 2008.  Plenty Chief has undergone "five back surgeries, including a double spinal fusion and the removal of two discs."  *Id.* at ¶ 86.  From early 2015 until shortly before his incarceration here, Plenty Chief was under the care of Dr. Michael Martiré at the Spine & Pain Center, where he was prescribed a variety of medications, including gabapentin, hydrocodone, and Ambien.  Due to Plenty Chief's incarceration, he has not been able to take all of his previously prescribed medications and frequently experiences pain / discomfort in jail.  Plenty Chief's physical and mental health problems further warrant a downward variance.

Plenty Chief first used alcohol at the age of 13, and has battled alcohol abuse throughout his life.  DCD 36, ¶ 72.  A majority of Plenty Chief's criminal history is alcohol abuse related, including the instant offense.  He has previously undergone treatment for alcohol abuse.  *Id.* at ¶ 75.  "[T]he defendant is willing to undergo a chemical dependency evaluation and if treatment is recommended, he is open to the treatment process."  *Id.*  Plenty Chief has not used or experimented with drugs.  His commitment to remaining sober once he is released from prison and willingness to undergo treatment further supports a downward variance.

6

In sum, both the nature and circumstances of the offense and Plenty Chief's history and characteristics warrant a 31 month sentence of imprisonment.

## **CONCLUSION**

Plenty Chief respectfully requests that this Court not impose the five point enhancement for discharge of a firearm, and instead only apply the three point enhancement contemplated by the parties in the plea agreement.  He also asks that this Court impose a downward variance from the advisory Sentencing Guidelines and sentence him to 31 months imprisonment followed by a term of supervised release.

Dated this 28th day of March, 2019.

Respectfully submitted,

NEIL FULTON
Federal Public Defender
By:

_/s/ Leah R. Carlson_
Leah R. Carlson
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
Districts of South Dakota and North Dakota
324 North Third Street Suite 1
Bismarck, ND 58501
Telephone:  701-250-4500
Facsimile:  701-250-4498
filinguser_SDND@fd.org